FILED
SUPERIOR COURT
OF GUAM

2023 JUL 17 AM 11: 50

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>               Plaintiff,<br><br>      v.<br><br>SIMINA KIKKU<br>(*aka* PAT KIKU)<br>(*aka* PM)<br>(*aka* CRAIG DASNUF)<br>(*aka* CRAIG DASENUF)<br>DOB: 09/19/1991 or 08/10/1993 or 04/04/1978<br><br>               Defendant. | ) **Criminal Case No. CF0194-21**<br>) GPD Report Nos. 21-09180 / 21-09184<br>)<br>) **Criminal Case No. CF0137-22**<br>) GPD Report Nos. 22-06337 / 22-06338<br>)<br>)<br>)<br>)<br>)<br>) **DECISION AND ORDER**<br>) **GRANTING REVOCATION OF**<br>) **PROBATION**<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 4, 2023 for a Revocation Hearing in the above-captioned case related to Simina Kikku's (*aka* Pat Kiku's) (*aka* PM's) (*aka* Craig Dasnuf's) (*aka* Craig Dasenuf's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Peter Santos. The People of Guam were represented by Assistant Attorney General Christine Tenorio. Having duly considered the Parties' briefs, arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On July 11, 2022, Defendant pled guilty to Aggravated Assault (as a 3rd Degree Felony) and Driving While Impaired (as a Misdemeanor) in CF0194-21, and Possession of a Schedule II

Controlled Substance (as a 3rd Degree Felony) in CF0137-22. See Judgment of Conviction (Sep. 6, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete the Driving with Care Classes.

- **FINE:** Defendant shall pay a **fine** of **five thousand dollars ($5,000.00)** plus court costs of eighty dollars ($80.00).

- **COMMUNITY SERVICE:** Defendant shall complete **one hundred fifty (150) hours** of **community service** under the direction of the Adult Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete twenty-four (24) "self-help" meetings, under the direction of GBHWC.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

In October, 2022, it was revealed Defendant had violated several conditions of his probation. Defendant had failed to report to the Adult Probation Office for over two months, failed to appear for his initial intake and assessment with CSFC, failed to complete his Driving with Care Classes, failed to make any payments on his fine or court costs, failed to complete any

of his community service hours, and failed to attend or complete any of his "self-help" meetings. See 1st Violation Report (Oct. 4, 2022).

Defendant again violated the terms of his probation when he was charged with Criminal Trespass (as a Misdemeanor), Disorderly Conduct (as a Petty Misdemeanor), and Public Drunkenness (as a Violation) in CM0452-22. See Second Violation Report (Dec. 21, 2022).

On March 20, 2023, the People filed their request to revoke Defendant's probation and impose sentence. See People's Motion for Revocation and Imposition of Sentence (Mar. 20, 2023).

The Court held a Revocation Hearing on May 4, 2023. The Court then took the matter under advisement. See Minute Entry (May. 4, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary

to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to report to CSFC for intake and assessment, failing to attend or complete his counseling/treatment (both the Driving with Care Classes and the "self-help" meetings), failing to make any progress on his community service hours, failing to pay off his fine or court costs, and failing to obey the laws of Guam.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant's violation reports show a continuous and ongoing disregard towards following his probationary terms. Defendant has violated over a half-dozen conditions of his probation, and Defendant now finds himself facing new criminal charges from his conduct during probation.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Simina Kikku's (*aka* Pat Kiku's) (*aka* PM's) (*aka* Craig Dasnuf's) (*aka* Craig Dasenuf's) probation in the above-captioned case. The Defendant is hereby **SENTENCED** to **five (5) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** on this July 12, 2023



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**